**UNITED STATES of America,**
**Appellee,**

v.

**Larry Charles HOWARD, Appellant.**

**No. 71–1314.**

United States Court of Appeals,
Ninth Circuit.

Aug. 17, 1971.

---

Anthony M. Earl, Las Vegas, Nev., for appellant.

Bart M. Schouweiler, U. S. Atty., Lawrence J. Semenza, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, ELY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was indicted, tried and convicted in a jury trial of a violation of 18 U.S.C. § 2312 (Dyer Act).

## ISSUES

(1) Did the trial court err in overruling appellant's motion to suppress?

(2) Was the government's Exhibit 3 properly admitted into evidence?

## FACTS

On the motion to suppress, two officers testified that they observed a dark Thunderbird automobile traveling at a rate of 80 to 90 miles per hour in a 70 m. p. h. zone. After pursuing the T-Bird for some distance, they came upon it parked by the side of the road with a flat tire. The officers ordered the three men at the scene, including the appellant, to the side of the road. In the meantime, another officer had been asked to follow a black Thunderbird. This officer radioed ahead and learned that the other officers had stopped the vehicle. He arrived at the scene a short time after the other officers. After discussing the subject with the first two officers on the scene, the one last arriving arrested the appellant for reckless driving. Appellant argues that the arrest was unlawful under Nevada statutes allowing warrantless arrests for offenses committed in the presence of the officer because the arresting officer did not actually see the reckless driving. Appellant then goes on to argue that since the arrest was unlawful, his incriminating statement that he had stolen the automobile made the next day to an FBI agent should have been suppressed. We find the contention groundless.

(1) First of all, under Nevada law an arresting officer need not have personal knowledge of the crime for which he makes the arrest as long as another officer with such knowledge is present at the scene. Mears v. Nevada, 83 Nev. 3, 422 P.2d 230, 235 (1967), cert. denied 389 U.S. 888, 88 S.Ct. 124, 19 L. Ed.2d 188 (1967). Appellant was arrested by one officer in the presence of another who saw the crime committed. The totality of information of the three officers at the arrest scene was sufficient to establish probable cause for the arrest.

Moreover, appellant's Miranda rights were explained to him in detail before he made the incriminatory statement on the day following the arrest. For that matter, he signed a document stating that he fully understood his constitutional rights before he made his statement.

(2) Appellant claims it was error to admit in evidence exemplified copies of records of the California Department of Motor Vehicles. The exhibit was authenticated in the manner required by 28 U.S.C. § 1739. Consequently, it was properly admitted.

The judgment is affirmed.